KATHLEEN M. DALESSIO *vs.* STEVEN W. DALESSIO. December 9, 1992. *Divorce and Separation,* Division of property. *Practice, Civil,* Rescript from appellate court.

This is an appeal by Kathleen M. Dalessio (wife) from a judgment after rescript entered in the Probate and Family Court providing for the division of interest earned on a joint account of the parties following their divorce and an appeal by Steven W. Dalessio (husband) from the judgment of

---

[1] Of Diamond Realty Trust.

divorce. See *Dalessio* v. *Dalessio*, 409 Mass. 821 (1991). We affirm the judgment after rescript.

The corrected judgment of divorce as amended (divorce judgment), dated January 4, 1989, provided for distribution of the joint account, with a balance at the date of trial of $716,141, in the amount of $553,486 to the wife with the remaining balance to the husband. That judgment also provided that any accumulated interest above the $716,141 balance "shall be divided Sixty (60%) to the [husband] and Forty (40%) to the [wife]."

The wife did not challenge the sixty-forty ratio as applied to interest earned during the period following trial until the entry of the divorce judgment. In the husband's appeal to this court, however, she requested that the interest earned subsequent to entry of the divorce judgment (approximately $3,000 a month) be divided in proportion to each party's share of the principal balance, approximately 77% to her and 23% to the husband. In our rescript affirming the divorce judgment, *Dalessio* v. *Dalessio, supra* at 833, we instructed the Probate Court judge to "make provision for division of interest on the joint account since the time of the original judgment in accordance with the percentages established in the corrected judgment as amended." The Probate Court judge, following this instruction, had entered the judgment after rescript in which the interest earned both before and after the husband's appeal was allocated in the same percentages stated in the divorce judgment, sixty per cent to the husband and forty per cent to the wife. The wife then appealed. (While her appeal was pending, a single justice of this court ordered liquidation of the joint account and undisputed amounts distributed. The single justice also directed the manner in which capital gains and losses resulting from the liquidation would be allocated. The parties do not challenge this order.)

The wife claims that the Probate Court judge erred in interpreting the rescript with respect to its instruction on a division of the interest earned after the divorce judgment. She argues that our reference to "the percentages established in the corrected judgment as amended" refers not to the sixty-forty ratio set forth in the divorce judgment, but to each party's allocated percentage of the principal balance in the account. The argument is misplaced. The plain language of our instruction refers to the percentages previously established by the Probate Court judge, the sixty-forty division. In making the order, we relied upon the Probate Court judge's apparent determination (in making the equitable division under G. L. c. 208, § 34) that, while the sixty-forty distribution of interest earned was not proportionate to each party's share of the account balance, the husband should be favored in the distribution of interest because the over-all division of the marital assets (which we later affirmed) was considerably more favorable to the wife. We therefore rejected the wife's request that we divide the interest earnings differently following the husband's appeal, and concluded that the Probate Court judge's original determination of the division of

interest should be applied. The judgment after rescript correctly reflects our intent and was correctly ordered by the Probate Court judge.

The request by both parties for an award of attorney's fees in connection with this appeal is denied. Neither party is to have the costs of appeal. The judgment after rescript is affirmed.

*So ordered.*

*Michael J. Traft* for Kathleen M. Dalessio.
*Jacqueline Y. Parker* for Steven W. Dalessio.